IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                                                       Case No. 98-20040-01-JWL

**Michael A. Cook,**

      **Defendant.**

## MEMORANDUM & ORDER

In September 1998, a jury convicted Michael A. Cook of possession with intent to distribute more than 1 kilogram of methamphetamine and being a felon in possession of a firearm. The court ultimately determined that Mr. Cook's total offense level was 34 and assigned a criminal history category of V. The resulting guideline range for imprisonment was 235 to 293 months. The court sentenced Mr. Cook to a sentence of 293 months, the high end of the range.

This matter is before the court on Mr. Cook's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in which he asks the court to reduce his sentence based on Amendment 782 to the United States Sentencing Guidelines which took effect on November 1, 2014 and lowers the base offense levels in the Drug Quantity Table. Under the amended guidelines, Mr. Cook's total offense level is 33 based on the application of U.S.S.G. § 3D1.4. With a criminal history category of V, his amended guideline range is 210 months to 262 months imprisonment. In his motion for reduction, Mr. Cook requests that the court "revise his sentence to conform to the Guideline amendment." Mr. Cook does not suggest where within the

amended range the court should resentence him.  In response, the government concedes that Mr. Cook is eligible for a reduction (and the parties agree as to the amended range) but contends that a reduction is not warranted in light of Mr. Cook's extensive disciplinary record while in custody with the Bureau of Prisons.

Following the Supreme Court's decision in *Dillon v. United States*, 560 U.S. 817 (2010), the Tenth Circuit has recognized that § 3582(c)(2) "prescribes a two-step inquiry for determining whether a defendant is entitled to have his originally-imposed sentence reduced: the first question, a matter of law, is whether a sentence reduction is even *authorized*; the second question, a matter of discretion, is whether an authorized reduction is in fact *warranted*."  *United States v. White,* 765 F.3d 1240, 1245 (10th Cir. 2014) (emphasis in original).  Because the government does not dispute that a sentence reduction is authorized in this case, only the second question is at issue here.  In determining whether a sentence is warranted, the district court must "consider the § 3553(a) sentencing factors, including the nature, seriousness, and circumstances of the offense, the history and characteristics of the defendant, the need to protect the public from further crimes of the defendant, and any threat to public safety."  *United States v. Meridyth*, 573 Fed. Appx. 791, 794 (10th Cir. 2014) (citations omitted).

The court concludes that a reduction is warranted and, consistent with its practice, will resentence Mr. Cook to the high-end of the amended range as it did in connection with Mr. Cook's original sentence.  There is nothing in the record to suggest that a greater reduction is warranted and, as noted earlier, Mr. Cook does not specifically seek a greater reduction in any event.  In granting a reduction to the high end of the amended range, the court rejects, as it has done in other cases, the government's argument concerning Mr. Cook's post-sentencing

misconduct. Although the government contends that Mr. Cook has repeatedly demonstrated that he will continue to violate prison rules even in the face of sanctions imposed by the Bureau of Prisons, the court nonetheless believes that Mr. Cook's post-sentencing misconduct should not prevent him from receiving the adjustment to which he is otherwise entitled. The Bureau of Prisons has adequate sanctions at its disposal to address Mr. Cook's violations and the record reflects that the BOP has consistently punished Mr. Cook by reducing his good time credits and imposing administrative segregation in response to Mr. Cook's violations. Moreover, in resentencing eligible defendants under Amendment 782, the court endeavors to determine what sentence a particular defendant should have received had the revised drug tables been in effect at that time. That determination necessarily would not include post-sentencing misconduct. Thus, absent any indication from the Tenth Circuit that the court must or should take into account post-sentencing conduct (as opposed to recognizing that a court has discretion to consider post-sentencing conduct), the court will continue to permit the BOP to address a defendant's post-sentencing misconduct rather than punishing a defendant for that conduct in connection with resentencing under Amendment 782.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Cook's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. 116) is **granted as described herein** and Mr. Cook's sentence is **reduced from 293 months to 262 months imprisonment**. All other provisions of the judgment dated April 15, 1999 shall remain in effect.

**IT IS SO ORDERED.**

Dated this 1st day of September, 2015, at Kansas City, Kansas.

**Effective Date:  November 1, 2015**.

                                          s/ John W.  Lungstrum
                                          John W. Lungstrum
                                          United States District Judge