# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

United States of America,

        Plaintiff,

v.                                                           Case No. 98-20040-01-JWL

Michael A. Cook,

        Defendant.

## MEMORANDUM & ORDER

In September 1998, a jury convicted Michael A. Cook of possession with intent to distribute more than 1 kilogram of methamphetamine and being a felon in possession of a firearm. The court ultimately determined that Mr. Cook's total offense level was 34 and assigned a criminal history category of V. The resulting guideline range for imprisonment was 235 to 293 months. The court sentenced Mr. Cook to a sentence of 293 months, the high end of the range. In September 2015, the court granted Mr. Cook's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). Mr. Cook was represented by the Federal Public Defender's Office for purposes of his motion. Specifically, the court determined—as agreed by the parties—that Mr. Cook's total offense level under the amended guidelines was 33 based on the application of U.S.S.G. § 3D1.4. With a criminal history category of V, his amended guideline range became 210 months to 262 months imprisonment. Consistent with the court's practice, and in the absence of other suggestion from Mr. Cook, the court sentenced Mr. Cook to the high-end of the amended range as it did in connection with Mr. Cook's original sentence.

Ultimately, then, the court reduced Mr. Cook's sentence from 293 months to 262 months imprisonment.

This matter is now before the court on Mr. Cook's pro se motion to reconsider in which he contends that the court essentially granted him a two-level reduction but then "raised" him one level for the "gun charge" despite the fact that he was "already enhanced" for the firearm charge in connection with his original sentence. The motion is denied. At Mr. Cook's original sentencing, the Presentence Investigation Report accurately increased Mr. Cook's offense level by one level under U.S.S.G. § 3D1.4, which guides the court in determining a combined offense level when the defendant is convicted of multiple counts. The one-level enhancement under § 3D1.4 for multiple counts still applies under Amendment 782. *See United States v. Campos*, 2015 WL 6468037, at 1-2 (D. Kan. Oct. 27, 2015) (in resentencing under Amendment 782, court still applies § 3D1.4 to calculate combined offense level; Amendment 782 does not affect enhancements under § 3D1.4). Indeed, Mr. Cook's appointed counsel appropriately recognized that fact in representing Mr. Cook in connection with the motion for sentence reduction.

For the foregoing reasons, Mr. Cook's motion to reconsider is denied.


**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Cook's motion to reconsider (doc. 123) is denied.


**IT IS SO ORDERED.**


Dated this 5th day of February, 2016, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

.